**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN VOORHIS in interest of A.A,V., Plaintiff,** | ) | **Civil Action No. 26-73 Erie** |
| **v.** | ) | |
| **PATROLMAN FLANAGON, Defendant.** | ) | **District Judge Susan Paradise Baxter**<br>**Magistrate Judge Richard A. Lanzillo** |

**<u>MEMORANDUM ORDER</u>**

Plaintiff Jonathan Voorhis initiated this action, purportedly on behalf of his minor child A.A.V., on March 16, 2026, by filing a motion to proceed *in forma pauperis* ("ifp motion") [ECF No. 1] with an attached *pro se* civil rights complaint [ECF No. 1-1]. The matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff's ifp motion was granted on October 8, 2026, at which time Plaintiff's complaint was formally docketed. [ECF No. 3]. The complaint names a single Defendant, Patrolman Flanagon, a police officer with the Erie Police Department. Plaintiff alleges that Defendant stopped Plaintiff's vehicle and stated that Plaintiff was being detained for an expired registration. At the time, Plaintiff's minor child A.A.V. was apparently a passenger in the vehicle. Plaintiff avers that Defendant was not aware of the expired registration until after the traffic stop was initiated and, thus, "lacked reasonable suspicion or probable cause to believe Jonathan Voorhis had committed any traffic violation." (Id. at ¶ 40). Based on these allegations, Plaintiff claims that Defendant unlawfully seized A.A.V. in violation of his Fourth Amendment rights. (Id. at pp. 6-9).

After reviewing Plaintiff's complaint under the screening provisions of 28 U.S.C. § 1915(e), Judge Lanzillo issued a Report and Recommendation on October 8, 2026 ("R&R"), recommending that the complaint be dismissed because Plaintiff is "prohibited from maintaining this action on A.A.V.'s behalf;" however, the R&R recommends that such dismissal be without prejudice to Plaintiff's right to retain an attorney admitted to practice before this Court to bring a Fourth Amendment unlawful seizure claim on behalf of his minor child [ECF No. 4].

Plaintiff has filed timely objections to the R&R [ECF No. 5], in which he "concedes that… a nonlawyer parent cannot represent a minor child in federal court." (Id. at ¶ 5). Nonetheless, Plaintiff argues that, rather than incurring dismissal of the case, he should be allowed to serve the complaint on Defendant, after which "the proceedings should be stayed until the plaintiff can be lawfully represented" (Id. at ¶ 9). However, Plaintiff fails to cite any legal authority supporting such a proposition, and dismissal without prejudice adequately preserves Plaintiff's rights in any event.

Thus, after *de novo* review of the complaint, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 10th day of November, 2026;

IT IS HEREBY ORDERED that this case is DISMISSED, without prejudice, pursuant to 28 U.S.C. § 1915(e), due to Plaintiff's inability to represent the interests of his minor child on his own. The report and recommendation of Magistrate Judge Lanzillo, issued October 8, 2026 [ECF No. 4], is adopted as the opinion of the Court.

The Clerk is directed to mark this case CLOSED.

SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
United States Magistrate Judge

all parties of record